**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ABRAHAM SAMANA aka APELU SAMANA, and ABIGAIL SAMANA, Defendants**

High Court of American Samoa
Trial Division

CR No. 72-95
CR No. 73-95

May 8, 1996

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney

General
For Defendant Abraham Samana, Reginald E. Gates
For Defendant Abigail Samana, David P. Vargas

Order for *In Camera* Hearing with Confidential Informant:

## I. INTRODUCTION

On December 21, 1995, plaintiff American Samoa Government filed an information charging defendants with unlawful production of the controlled substance of marijuana, A.S.C.A. § 13.1020(a), and unlawful possession of the same controlled substance, A.S.C.A. § 13.1022(a). On April 2, 1996, we denied the defendants' motion to conduct an *in camera* hearing with the government's confidential informant to determine whether his identity should be revealed to aid them in their defense. On April 12, 1996, the defendants moved to suppress the evidence obtained under the search warrant. This motion came regularly for hearing on May 2, 1996, with defendants and all counsel present.

## II. FACTS

The facts are substantially as recited in our earlier order. *See American Samoa Gov't v. Samana*, 30 A.S.R.2d 1 (1996) (Order Denying Motion for *in Camera* Hearing) [hereinafter *In Camera* Order]. The focus of the most recent hearing was Police Officer Paulo Leuma's statement, in his affidavit to secure the search warrant, that the confidential informant had stated to Leuma that he had purchased marijuana from the defendants at their residence on December 2, 1995. Two witnesses testified that both defendants were at their relative's wedding at the precise time they were supposedly selling drugs to the confidential informant. Several other witnesses under subpoena were prepared to affirm this fact. One testifying witness declared that the vehicular driving time between the defendants' home and wedding place was 20 to 30 minutes. Both witnesses went on to state that the defendants were continually in their immediate or near presence for the entire weekend during which the wedding, and the alleged drug sale, took place.

The assistant attorney general countered only with a written questionnaire from the defense attorneys to the confidential informant. The confidential informant substantiated Leuma's affidavit statement that the drug sale took place on December 2, 1995, at the defendants' residence. Because the defendants could not have been both at the wedding and at home selling drugs at the same time, there is clearly a problem with the date of the alleged drug sale.

38

## III. DISCUSSION

 Defendants seek to quash the search warrant because it is based upon erroneous information--namely, the fact that the confidential informant bought drugs from the defendants at their residence on December 2, 1995. Even assuming that the testimony of the defense witnesses is true, however, and that the defendants were at the wedding on this date, the defendants have failed to satisfy the test for quashing a warrant. In order to quash a warrant, we must determine that "the magistrate or judge in issuing the warrant was misled by information in the affidavit that *the affiant* knew was false or would have known was false except for his reckless disregard of the truth." *United States v. Stanert*, 7862 F.2d 775, 780 (9th Cir. 1985) (emphasis added). Thus, the fact that an affidavit contains a falsity is not enough to negate the probable cause underlying a warrant unless the affiant knew of or recklessly disregarded the falsity.[1]

The defendants have not shown this additional criterion. No testimony was presented at the evidentiary hearing regarding Leuma's veracity. Nor was any testimony presented indicating that Leuma recklessly disregarded the fact of the defendants' absence from their home on the date in question. On the other hand, the government has not offered any explanation for the problem with the date. Neither Leuma nor any other witness took the stand to explain why his sworn testimony, though admittedly hearsay, places the defendants at their house at a time on a day when they clearly were not there.

 Although the defendants have not yet presented us with enough evidence to quash the warrant, they have plainly presented evidence in that direction. The person whom could best fill the gap in their facts concerning whether the false statement was made knowingly or recklessly is the confidential informant, whose identity remains unrevealed. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of the cause, the privilege [against disclosure] must give way." *In Camera* Order (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). We concluded the *In Camera* Order by stating that if the defendants were "able to develop sufficient evidence which puts the . . . reliability of the confidential informant in question," we would again consider the question of holding an

---

[1] The defendants must also show that the falsity in the affidavit was material to the judge's determination of probable cause to issue the warrant. *United States v. Ippolito*, 774 F.2d 1482, 1484-85 (9th Cir. 1985). It certainly appears that the information regarding the December 2, 1995, drug sale was material to the judge's determination of probable cause in issuing the warrant in question, though we need not determine the issue at this time.

*in camera* hearing to determine whether the informant's identity should be revealed. *Id*. The defendants have now developed such evidence.

Therefore, the court will hold an *in camera* hearing with the confidential informant on May 10, 1996, at 11:00 a.m. All counsel must submit to the court questions that they would like the court to ask the informant by 4:00 p.m. on May 9, 1996. When we determine whether or not the confidential informant knows facts, which tend to show that Leuma knowingly or recklessly presented falsities in his affidavit for the search warrant, we will issue an appropriate order.

It is so ordered.